**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LEE CARABALLO,** | : | |
| | : | |
| Petitioner, | : | Civil Action No. 16-3721 (ES) |
| | : | |
| v. | : | OPINION |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |

**SALAS, DISTRICT JUDGE**

Before the Court is Petitioner Lee Caraballo's ("Petitioner") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (D.E. No. 1). In response to this Court's Order to Answer (D.E. No. 9), Respondent United States of America ("Respondent") filed an opposition. (D.E. No. 11). For the following reasons, the Court DENIES the Petition and a certificate of appealability shall not issue.

**I.**     **Factual Background and Procedural History**

On direct appeal, the Court of Appeals for the Third Circuit succinctly described the underlying circumstances as follows:

> At about 1:30 a.m. on November 30, 2012, Victor Monterossa was backing up his Toyota Corolla in his driveway when a man wearing a black skull cap and black puffy jacket approached the driver's side window, pressed a gun against Monterossa's head, and ordered him out of the car. After he complied, the assailant pointed the gun at Monterossa and said, in Spanish, "Give me the money." The assailant then asked for Monterossa's phone, a black Apple iPhone model 4S, which Monterossa indicated was still in the car. At that point the assailant got into the car and fled.
>
> Monterossa immediately called 911. When two police officers from

> the Newark Police Department arrived, Monterossa explained what happened and described the assailant as a Hispanic male, approximately 5'9" to 6" tall, 30 to 35 years old, 150–180 pounds, "light facial hair, black skull cap, wearing a large black bubble jacket, armed with a small silver handgun." App. at 441.

*United States v. Caraballo*, 643 F. App'x 163, 165–67 (3d Cir. 2016).

Later that same day, Petitioner was stopped by Officer Mitchell White of the Roselle Park New Jersey Police Department for driving a vehicle with tinted front windows in violation of N.J. Stat. Ann. § 39:3-75. *See Caraballo*, 643 F. App'x at 166. Upon approaching the driver's side window, Officer White smelled the odor of "freshly burnt marijuana." *See id.* Petitioner admitted to having smoked marijuana earlier. *See id.* Officer White subsequently asked Petitioner to step out of the vehicle. *See id.* Petitioner consented to a search of his vehicle, during which officers discovered "a partially smoked marijuana cigarette and a small plastic bag containing marijuana inside the Mercedes, as well as a blue flip phone, a black jacket, two Toyota car keys, and a black Apple iPhone Model 4S." *Id.* Officers also later found a black puffy jacket. *See id.* at 157.

Once back at the police station, officers "noticed that the iPhone recovered from [Petitioner's] car was receiving an alert that the iPhone's owner was attempting to track the phone's location. *See id.* The Police Department subsequently received a phone call from Monterossa, who explained that he had been carjacked by "a white Hispanic male, scruffy beard, wearing a black puffy jacket and a black winter hat." *Id.* at 156. Monterossa then came to the police station, identified his phone and car keys which officers had recovered from Petitioner's vehicle, and gave a statement to police describing the incident that had occurred earlier that day. *See id.* at 157. Monterossa also later positively identified Petitioner from a photo array. *See id.*

Petitioner was subsequently indicted for carjacking in violation of 18 U.S.C. § 2119(1), and for brandishing a firearm in furtherance of a crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

2

(*See* D.E. No. 11 at 8–9). On November 14, 2017, following a weeklong jury trial, Petitioner was found guilty of both counts of the indictment. (*See id.* at 1 & 12.) On April 13, 2015, this Court sentenced Petitioner to fifty-one months imprisonment for carjacking and eighty-four months imprisonment for brandishing a firearm in furtherance of a crime. (*See id.* at 12–13). The Court ordered Petitioner's sentences to be served consecutively. (*See id.*).

On direct appeal, the Court of Appeals for the Third Circuit affirmed both Petitioner's conviction and sentence. *See Caraballo*, 643 F. App'x 163. In June 2016, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (*See* D.E. No. 1). In Petitioner's submission, he also requested the appointment of counsel for his claim and requested that the Court grant him a stay pending the outcome of his Writ of Certiorari filed with the United States Supreme Court.[1] (*See* D.E. No. 1 at 1.)

## II. Legal Standard

A prisoner in federal custody under a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon the grounds that: (i) "the sentence was imposed in violation of the Constitution or laws of the United States;" (ii) "the court was without jurisdiction to impose such sentence;" or (iii) "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A court, in considering a § 2255 motion, must accept the truth of a movant's factual allegations unless they are frivolous on the basis of the existing record. *See United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A court may deny the motion without holding an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

---

[1] Petitioner requested "to hold this motion in abeyance pending his writ of certiorari already filed with the United States Supreme Court." (*See* D.E. No. 1 at 1). As Petitioner's writ of certiorari was denied by the Supreme Court on October 3, 2016, *Caraballo v. United States*, 137 S. Ct. 100 (2016), this Court will deny Petitioner's request for a stay as moot.

3

## III. Discussion

### A. Substantive Claim

Petitioner argues that pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for carjacking in violation of 18 U.S.C. § 2119 is not a crime of violence for the purposes of 18 U.S.C. § 924(c). (*See* D.E. No. 1 at 2). As a result, Petitioner contends that his conviction for carjacking should no longer qualify as a crime of violence and that his § 924(c) conviction should be vacated. (*See id.* at 2). As the Court explains below, Petitioner's claim is without merit because it ignores the fact that § 924(c)'s definition of a crime of violence still contains a valid force clause under which carjacking is categorically a crime of violence.

Section 924(c) "provides a criminal penalty for any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime." *Darby v. United States*, No. 18-10654, 2018 WL 3412846, at *2–3 (D.N.J. July 12, 2018) (citing 18 U.S.C. § 924(c)); *see also United States v. Foster*, 734 F. App'x 129, 132 n.3 (3d Cir. 2018). A "crime of violence" is further defined in this section as any felony that:

> (A) has an element of the use, attempted use, or threatened use of physical force against the person or property of another ["the elements clause"], or
>
> (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["the residual clause"].

18 U.S.C. § 924(c)(3).

In *Johnson*, the Supreme Court found that a similarly worded residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S.Ct. at 2561–563. *Johnson*

did not invalidate, however, ACCA's remaining elements clause. *See id.*[2] Consequently, "even if this Court were to assume, *arguendo*, that *Johnson* . . . render[s] the residual clause of § 924(c) unconstitutionally vague, Petitioner's § 924(c) conviction would remain entirely valid so long as his underlying crime, carjacking pursuant to 18 U.S.C. § 2119(1), was a 'crime of violence' under the elements clause of the statute." *Darby v. United States*, No. 18-10654, 2018 WL 3412846, at *3 (D.N.J. July 12, 2018).

Here, the Court need not reach the issue of § 924(c) residual clause's constitutionality because Petitioner's underlying crime, carjacking, is a crime of violence under § 924(c)'s elements clause. *See id.*; *Randolph v. United States*, No. 16-2865, 2019 WL 365742, at *2 (D.N.J. Jan. 30, 2019) ("However, the Court need not reach the issue of the continued vitality of § 924(c)(3)(B)'s residual clause—Petitioner's conviction for Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c)(3)(A)."); *see also United States v. Whitted*, 541 F.3d 480, 491 (3d Cir. 2008) (Chagares, J., concurring) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."); *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346-48 (1936) (setting forth the principle of constitutional avoidance).

The Third Circuit has held that carjacking is categorically a crime of violence when it is accompanied by a conviction for brandishing a weapon. *See Foster*, 734 F. App'x at 132 n.5 ("[Petitioner] concedes that our decision in in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), establishes that his Hobbs Act robbery conviction, and by the same reasoning, his carjacking conviction [in violation of 18 U.S.C. § 2119], can serve as predicate offenses for

---

[2] More recently, the Supreme Court relied in *Johnson* to find the similarly worded residual clause of 18 U.S.C. § 16(b) unconstitutional vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213–23 (2018). As in *Johnson*, the *Dimaya* Court did not invalidate 18 U.S.C. § 16(b)'s elements clause. *See id.*

5

purposes of his § 924(c) convictions because he was contemporaneously convicted of a firearm offense. *We agree*[.]" (emphasis added)). As the Honorable Judge Susan D. Wigenton recently explained:

> In *United States v. Robinson*, the Third Circuit held that Hobbs Act robbery, which largely mirrors the carjacking statute in that both statutes require that the defendant take either a motor vehicle or property of another by force, violence or intimidation, *see* 18 U.S.C. § 2119; 18 U.S.C. 1951(b)(1), is categorically a crime of violence when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii). *United States v. Robinson*, 844 F.3d 137, 140-44 (3d Cir. 2016) . . . . In *United States v. Foster*, ––––, F. App'x –––– ––––, 2018 WL 2331764, at *2 n. 5 (3d Cir. May 23, 2018), the Third Circuit applied *Robinson* and found that carjacking is also categorically a crime of violence when accompanied by a conviction for brandishing a weapon. Thus, the Third Circuit has concluded that carjacking, when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii), is categorically a crime of violence pursuant to the elements clause of § 924(c). Because carjacking, when accompanied by the brandishing of a weapon, is categorically a crime of violence under Third Circuit case law and because Petitioner pled guilty to both carjacking and brandishing a weapon, his conviction is categorically a crime of violence under the elements clause of § 924(c), and his conviction is therefore proper even assuming that *Johnson* renders § 924(c)'s residual clause invalid.

*Darby*, 2018 WL 3412846, at *3.

Considering the case law, Petitioner's offense is undoubtably a crime of violence under § 924(c)'s elements clause. Specifically, Petitioner was indicted for carjacking *and* for brandishing a firearm in furtherance of that crime. (*See* D.E. No. 11 at 8–9). Petitioner was found guilty of, and sentenced for, both charges. (*See id.* at 12). The charging document and the facts presented a trial, which formed the basis of the jury's verdict, establish that the carjacking offense occurred concurrently with the brandishing a firearm offense. (*See, e.g.*, *id.* at 8–9; *id.* at 20–29, Excerpt of Mr. Monterossa's Direct Examination, Trial Transcript, November 13, 2014 (describing how Petitioner pressed a revolver against Mr. Monterossa's head and asked Mr. Monterossa to get out

of his car, took Mr. Monterossa's wallet and phone, and then drove off on Mr. Monterossa's car)). Thus, "the jury had an adequate factual basis to conclude that § 2114(a), committed while using and carrying a firearm, is a crime of violence." *See United States v. Thomas*, 703 F. App'x 72, 78 (3d Cir. 2017). Accordingly, Petitioner's sole argument that his conviction for carjacking is not a crime of violence under § 924(c) is without merit, and he is not entitled to relief on this claim. *See Darby*, 2018 WL 3412846, at *3.

### B. Request for Appointment of Counsel

Petitioner also requests the appointment of counsel. (*See* D.E. No. 1 at 1.) The Court may appoint counsel for a habeas petitioner "when the interests of justice require." *See* 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice require appointment of counsel, "the district court must decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded by statute on other grounds as stated in United States v. Green*, 543 F. App'x 266 (3d Cir. 2013). The Court should also consider, "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Id.*

Here, since Petitioner does not have a meritorious claim and no evidentiary hearing is warranted, the interests of justice do not require the appointment of counsel for Petitioner. *Lasko v. Watts*, 373 F. App'x 196, 200 (3d Cir. 2010) (noting that "as a threshold matter, the district court must assess whether the claimant's case has some arguable merit in law and fact." (internal quotation marks omitted)). Therefore, Petitioner's request is denied.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), a petitioner in a § 2255 proceeding may not appeal from

the final order in that proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's conclusion that Petitioner's claim is without merit, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue.

**V.     Conclusion**

For the reasons stated above, the Petitioner's habeas petition is DENIED and a certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.


 _s/Esther Salas_
 **Esther Salas, U.S.D.J.**